**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Roberto Campos, | No. CV-25-08083-PCT-DWL (JZB) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| v. | |
| Ryan Thornell, et al., | |
| Respondents. | |

**TO THE HONORABLE DOMINIC W. LANZA, UNITED STATES DISTRICT JUDGE**:

Petitioner Roberto Campos has filed a *pro se* Petition for the Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.[1] (Doc. 1.)

**I.    SUMMARY OF CONCLUSION.**

On June 15, 2009, Petitioner, pursuant to a plea agreement, (doc. 13-1, Ex. E, at 40–44), pleaded guilty to three counts of premeditated first-degree murder. (*Id.*, Ex. F., at 53–55, 62–63.) On July 13, 2009, he was sentenced to three concurrent natural life sentences. (*Id.*, Ex. H, at 77–79.) He timely commenced a Post-Conviction Relief ("PCR") proceeding on August 13, 2009, (*id.*, Ex. J, at 91–93), which was dismissed by the trial court on August 25, 2010. (*Id.*, Ex. N, at 104.)

Considering that Petitioner has taken no action between the dismissal of his Petition for PCR on August 25, 2010, to the filing of the instant Habeas Petition, the Court finds

---

[1]    In his Petition, Petitioner has crossed-out "2254" and written "2241." (Doc. 1 at 1.)

that the instant Petition is over *13-years late*, a delay that is not excused by tolling or actual innocence. Therefore, the Court **recommends** the instant Petition be **dismissed with prejudice**.

## II.    BACKGROUND.

### A. Facts.

On September 15, 2006, Petitioner was indicted by a Yavapai County grand jury on nine counts: (a) three counts of premeditated first-degree; (b) three counts of felony murder; and (c) three counts of kidnapping. (*Id.*, Ex. A, at 3–6.) After settlement conferences on May 12, 2009, and June 1, 2009, the parties entered into a Plea Agreement on June 15, 2009. (*Id.*, Exs. A–E, at 8, 10, 14–37, 40–44.)

In the Plea Agreement, the parties stipulated that Petitioner would be "sentenced to concurrent terms of imprisonment . . . of natural life for each count, without the possibility of commutation, parole, work furlough, work release or release from confinement on any basis." (*Id.*, Ex. E, at 41.) The state of Arizona stipulated and agreed to "withdraw its notice of intent to seek the death penalty." (*Id.*) Petitioner, his counsel, and the prosecutor signed the Plea Agreement. (*Id.* at 43–44.) Petitioner initialed the operative pages of the Plea Agreement. (*Id.* at 40–43.)

On June 15, 2009, the trial court reviewed the Plea Agreement with Petitioner, advised him of his constitutional rights, and inquired as to whether any force, threats, or promises outside of the Plea Agreement have induced his execution of the Agreement. (*Id.*, Ex. F., 48–53.) Petitioner confirmed that he agreed with the Plea Agreement, waived his rights, and plead guilty. (*Id.* at 49–55, 62–63.)

Following his entry of a guilty plea pursuant to the Plea Agreement, Petitioner was sentenced to three concurrent natural life sentences on July 13, 2009. (*Id.*, Ex. H, at 77–79.)

### B. Post-Conviction Relief Proceedings.

On August 13, 2009, Petitioner filed a timely petition for PCR.[2] *See* (doc. 13 at 8);

---

[2]    *See infra* section IV.A.

*see also* (doc. 13-1, Ex. J, at 91–93); Ariz. R. Crim. P. 33.1, 33.4. Petitioner raised a claim for ineffective assistance of counsel. (Doc. 13-1, Ex. J, at 92.)

Petitioner was provided counsel for his petition for PCR. (*Id.*, Ex. K, at 95–96.) On August 13, 2010, Petitioner's counsel filed a motion to dismiss his petition for PCR. (*Id.*, Ex. L, at 98.) In the motion, counsel stated that "he reviewed the record . . . and found claims sufficient for relief pursuant to Arizona Rule of Criminal Procedure 32." (*Id.*) Counsel further stated that Petitioner agreed that the petition should be dismissed. (*Id.*)

On August 17, 2010, Petitioner's counsel filed a motion to amend the motion to dismiss petition for PCR. (*Id.*, Ex. M, at 101.) The amended motion stated that the original motion "should have read that undersigned found no claims sufficient for relief pursuant to Arizona Rule of Criminal Procedure 32." (*Id.*)

On August 25, 2010, the trial court dismissed Petitioner's petition for PCR. (*Id.*, Ex. N, at 104.)

**III.   PETITIONER'S HABEAS PETITION.**

On April 21, 2025, Petitioner initiated the instant action. (Doc. 1.) He originally asserted two grounds: (a) an unclear claim which the Court construes as an allegation that his plea was not knowingly, intelligently, and voluntarily made; and (b) a claim that the Supremacy Clause preempts all state criminal law. (*Id.* at 6–7.)

On May 8, 2025, the District Court screened the Petition and dismissed Petitioner's Supremacy Clause claim. (Doc. 6 at 2–3.) Following the Screening Order, Respondent filed a Response on July 10, 2025. (Doc. 13.) Petitioner has not filed a Reply, and the time for doing so has expired.

**IV.   TIMELINESS.**

The writ of habeas corpus affords relief to persons in custody pursuant to the judgment of a state court in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2241(c)(3), 2254(a). Petitions for habeas corpus are governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28 U.S.C. § 2244.

A threshold matter for the Court is whether the instant Petition is time-barred by

- 3 -

AEDPA. *See Blackman v. Cisneros*, 122 F.4th 377, 381 (9th Cir. 2024) ("The timeliness of a claim under AEDPA is a threshold question that must be decided before reaching the merits."). ADEPA establishes a 1-year statute of limitations commencing on:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

"In Arizona, a defendant who pleads guilty waives the right to direct appeal and may seek review only by collaterally attacking his convictions through PCR proceedings under Ariz. R. Crim. P. 32 (now Rule 33)." *Isom v. Brnovich*, No. CV-22-01084-PHX-JJT-DMF, 2023 WL 4089230, at *10 (D. Ariz. Apr. 12, 2023), *report and recommendation adopted*, No. CV-22-01084-PHX-JJT-DMF, 2023 WL 4081807 (D. Ariz. June 20, 2023). The Ninth Circuit Court of Appeals has clarified that "Arizona's Rule 32 of-right proceeding for plea-convicted defendants is a form of direct review within the meaning of 28 U.S.C. § 2244(d)(1)(A)." *Summers v. Schriro*, 481 F.3d 710, 716–17 (9th Cir. 2007).

Absent statutory or equitable tolling, or through the establishment of actual innocence, a habeas petition filed after the 1-year statute of limitations is untimely. *See* 28 U.S.C. § 2244(d)(2) (tolling the 1-year limit "during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending"); *see also Holland v. Florida*, 560 U.S. 631, 645 (2010) (noting "that § 2244(d) is subject to equitable tolling in appropriate cases"); *McQuiggin v. Perkins*, 569 U.S. 383, 391–96 (2013) ("Sensitivity to the injustice of incarcerating an innocent

individual should not abate when the impediment is AEDPA's statute of limitations.").

**A. The Instant Proceedings are Untimely**.

As a preliminary matter, the Court finds that the instant Petition is untimely under § 2244(d)(1)(A). Under § 2244(d)(1)(A), where a petitioner seeks direct review of their sentence, the statutory 1-year period begins on "the date on which the judgment became final by the conclusion of direct review[.]" 28 U.S.C. § 2244(d)(1)(A). Because Petitioner initiated PCR proceedings, *see* (doc. 13-1, Ex. J, at 91–93), the statutory 1-year period was statutorily tolled until his PCR proceedings concluded. *See Patterson v. Stewart*, 251 F.3d 1243, 1247 (9th Cir. 2001) ("AEDPA's one-year grace period is tolled during the pendency of properly filed state petitions challenging the judgment or claim at issue."); *see also Summers*, 481 F.3d at 716–17.

Here, Petitioner properly filed[3] a petition for PCR on August 13, 2009.[4] *See* (doc. 13 at 8); *see also* (doc. 13-1, Ex. J, at 91–93); Ariz. R. Crim. P. 33.1, 33.4. While his petition for PCR remained pending, the 1-year statute of limitations was tolled. *See Patterson*, 251 F.3d at 1247. Petitioner's petition for PCR remained pending until August 25, 2010, when the trial court granted the motion to dismiss. (doc. 13-1, Ex. N, at 104.) Because Petitioner was provided until September 24, 2010, to file an appeal of the dismissal, which Petitioner did not do, ADEPA's 1-year statute of limitations was tolled until September 24, 2010.

Consequently, Petitioner had until September 26, 2011, to timely file a habeas petition.[5] Petitioner did not file the instant Petition until April 21, 2025. *See* (doc. 1.) He

---

[3]    A petition is "properly filed" when it is delivered and accepted in compliance with the governing rules of the relevant jurisdiction. *Zepeda v. Walker*, 581 F.3d 1013, 1016 (2009).

[4]    Although the Court notes that the Notice for post-conviction relief was filed on August 20, 2009, *see* (doc. 13-1, Exs. J–K, at 91, 96), the prison mailbox rule, under Arizona law, applies to *pro se* PCR filings. *Melville v. Shinn*, 68 F.4th 1154, 1159 (9th Cir. 2023). Petitioner filed his notice of PCR *pro se*, *see* (doc. 13-1, Ex. J, at 91–92), so the Court applies the prison mailbox rule. Because the notice was signed on August 13, 2009, (*id.*), the Court assume that Petitioner turned his notice over to prison authorities on the same day he signed it. *See Butler v. Long*, 752 F.3d 1177, 1178 n.1 (9th Cir. 2014), *as amended on denial of reh'g and reh'g en banc* (June 24, 2014).

[5]    The Court notes that the one-year anniversary period, pursuant to *Patterson*, expired on September 25, 2011. *See Patterson*, 251 F.3d at 1247. September 25, 2011, was a Sunday. Therefore, the deadline was September 26, 2011. *See* Fed. R. Civ. P. 6(a)(1)(C).

did not file any intervening habeas petitions or petitions for PCR. Hence, the instant Petition was filed 13 years, 6 months, and 26 days late. Additionally, because Petitioner has taken no action since filing his initial petition for PCR, no further statutory tolling—beyond the tolling for his only petition for PCR—is applicable.

**B. Equitable Tolling**.

Although a petitioner's habeas petition may be untimely, the expired statute of limitations may be excused by equitable tolling. *See Holland*, 560 U.S. at 645. "A petitioner who seeks equitable tolling of AEDPA's 1-year filing deadline must show that (1) some 'extraordinary circumstance' prevented him from filing on time, and (2) he has diligently pursued his rights." *Luna v. Kernan*, 784 F.3d 640, 646 (9th Cir. 2015) (citing *Holland*, 560 U.S. at 649). Petitioner bears the burden of showing that equitable tolling should apply. *See Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005). Equitable tolling is only appropriate when external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely habeas action. *See Chaffer v. Prosper*, 592 F.3d 1046, 1048–49 (9th Cir. 2010). "[A] pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling." *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).

Equitable tolling is to be rarely granted. *See, e.g.*, *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009); *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) ("Equitable tolling is justified in few cases[.]"). "Petitioner must show that the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time." *Porter v. Ollison*, 620 F.3d 952, 959 (9th Cir. 2010) (cleaned up). "Indeed, the threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (cleaned up).

Petitioner fails to establish either an extraordinary circumstance precluded him from filing a timely habeas petition or that he was diligent in pursuing his rights. Because Petitioner has not filed a reply, the Court can only rely upon his Habeas Petition to elucidate

a reason why his Petition was untimely. In his Petition, Petitioner's sole excuse for why his Habeas Petition was untimely is an unavailing argument that "[t]here is no statute of limitation on claims of illegal imprisonment[.]" (Doc. 1 at 9.) If such a statement were true, the AEDPA and Ninth Circuit Court of Appeals precedent interpreting it would be for naught. Because such statement is incorrect, the Court finds Petitioner's sole excuse unavailing. Therefore, because Petitioner was neither diligent nor precluded from filing a timely habeas petition due to an extraordinary circumstance, he is not entitled to equitable tolling.

### C. Actual Innocence.

A petitioner's untimely habeas petition may be excused if, in the petition, he raises "a convincing claim of actual innocence[.]" *See McQuiggin*, 569 U.S. at 398. "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). The petitioner "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *McQuiggin*, 569 U.S. at 399 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. "Given the rarity of such evidence, in virtually every case, the allegation of actual innocence has been summarily rejected." *Shumway v. Payne*, 223 F.3d 982, 990 (9th Cir. 2000).

Petitioner has not carried his burden in establishing a convincing claim of actual innocence as required by *McQuiggin* and *Schlup*. The Court finds that Petitioner's petition mainly asserts legal insufficiency as opposed to factual innocence. *See generally* (doc. 1.) The only instance where Petitioner appears to be asserting factual innocence is where he states that he "never knew about any of those crimes," and that the police told him "they would have the State of Arizona kill [him] thr[ough the] death penalty" if he did not accept responsibility. (*Id.* at 6.) Even assuming, *arguendo*, that this allegation goes towards his

factual innocence, it does not equate reliable "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence." *Schlup*, 513 U.S. at 324. Furthermore, given the rarity of such reliable evidence, *Shumway*, 223 F.3d at 990, and considering the avowals he made—and trial court's findings—during the plea hearing constitute a "formidable barrier in any subsequent collateral proceeding[,]" *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977), the Court does not find that Petitioner has met his burden in establishing a convincing claim of actual innocence.

## V.     CONCLUSION.

Because the Petition is untimely and not excused by tolling or actual innocence, the Court **recommends it be dismissed with prejudice**. Because the record is sufficiently developed, and the Court does not find that an evidentiary hearing is necessary for resolution of this matter. *See Rhoades v. Henry*, 638 F.3d 1027, 1041 (9th Cir. 2011).

Furthermore, if the recommendations contained herein are adopted, the District Court's decision will be based on procedural grounds. Therefore, and for the reasons contained herein, reasonable jurists would not find it debatable whether the District Judge was correct in the procedural ruling. Accordingly, it is **recommended that a certificate of appealability should be denied**. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Accordingly,

**IT IS RECOMMENDED** that Petitioner's Petition for Writ of Habeas Corpus (doc. 1) be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. The Parties shall have 14 days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 6, 72. Thereafter, the Parties have 14 days within which to file a response to the objections.

Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the District Court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to file timely objections to any factual determinations of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

Dated this 16th day of March, 2026.

Honorable John Z. Boyle
United States Magistrate Judge